UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON R. CHAMBERS (#440828)**                    **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                         **NO. 07-0848-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRANDON R. CHAMBERS (#440828)**                              **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                        **NO. 07-0848-C-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the motion to dismiss of defendants Richard Stalder and Cornel Hubert, rec.doc.no. 24, the motion to dismiss of defendants Lawrence Hall, James Johnson and Jowell Decuir, rec.doc.no. 43, and the motion to dismiss of defendant Jeffrey Melchior, rec.doc.no. 53.  These motions are opposed.

The pro se plaintiff, an inmate previously confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Richard Stalder, Cornel Hubert, Lawrence Hall, James Johnson, Jowell Decuir (identified in the original Complaint as "E. Decuir"), Jeffrey Melchior and Donald Fields, alleging that the defendants violated his constitutional rights in December, 2006, by subjecting him to excessive force and to unconstitutional conditions of confinement.[1]

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule

---

1. Defendant Donald Fields has not yet appeared in this proceeding and so has not participated in the instant motions.

12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that on December 8, 2006, he

was placed on "Restrictive Cell Status" (hereinafter referred to as "RCS"), a classification which required him to be placed in his cell with only a paper gown and with no mattress, bed linens or personal belongings.  He asserts that, instead of being placed in his cell alone, as required by prison rules, he was placed in the cell with a co-inmate who was not on RCS.  The next day, December 9, 2006, defendant Donald Fields made rounds on the cell tier and, when he passed the plaintiff's cell, provided a blanket to the co-inmate but, since blankets were forbidden to inmates on RCS, did not provide a blanket to the plaintiff.  Shortly thereafter, defendant Decuir also made rounds and observed the plaintiff using the referenced blanket.  According to the plaintiff, defendants Johnson and Decuir then removed the co-inmate from the cell and subjected the plaintiff to excessive force in the form of two cans of mace sprayed into the cell.  Approximately thirty (30) minutes later, defendants Johnson and Decuir returned, this time accompanied by defendants Melchior and Fields, and allegedly utilized a riot shotgun to shoot the plaintiff twenty-nine (29) times with the "less than lethal pepperball system", causing the plaintiff injury and pain.  The plaintiff asserts that he was then escorted to the infirmary but, upon his return, found that his mattress had been removed from his cell.  He complains that he spent the next seven (7) days without a mattress and without bedding or clothing.  In addition, on December 10, 2006, the day after the above-related incident, defendant Fields allegedly refused to provide the plaintiff with a breakfast tray.

   Addressing first the plaintiff's claims against defendants Stalder, Hubert and Hall, the plaintiff asserts that these defendants violated his constitutional rights through the mere implementation of the RCS policy at EHCC, without formal promulgation of the policy under the Louisiana Administrative Procedure Act.  In order to state a claim under 42 U.S.C. §1983, however, the plaintiff must allege a violation of rights,

privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).  Here, the plaintiff's only claim of a federal due process violation is these defendants' alleged failure to properly promulgate the RCS policy in accordance with state law.  The defendants' obligation to promulgate the policy in accordance with the Louisiana Administrative Procedure Act, however, is a procedural requirement solely of state law.  Welch v. Roemer, No. 92-3017, slip op. at 2 (5th Cir. Mar. 18, 1992); LaBoy v. Coughlin, 822 F.2d 3 (2nd Cir. 1987); Martin v. Blackburn, 581 F.2d 94 (5th Cir. 1978).  There is no federal authority to hold that such promulgation is a requirement of federal due process, and the Act itself does not purport to limit the substantive content of any state regulation or rule.  The Act merely prescribes the manner by which agencies with rule-making authority are required to go about the rule-making process under state law.  It imposes no substantive limitations on the content of any prison rule or regulation.  Without a state-created substantive limitation on the rule-making authority, therefore, the Act cannot be seen to create a protected liberty interest.  Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) McCrae v. Hankins, 720 F.2d 863 (5th Cir. 1983).  Accordingly, the plaintiff's claim asserted against defendants Stalder, Hubert and Hall regarding the implementation of the referenced policy is without merit and must be dismissed.

Turning to the plaintiff's claims asserted against the remaining defendants, the defendants respond by raising the defense of qualified immunity.  Specifically, the defendants contend that the plaintiff has failed to allege conduct on their part which violated the plaintiff's

constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.

Undertaking the Saucier analysis, the Court concludes that, with the exception of the plaintiff's claim of excessive force, the defendants' motion is well-taken, and the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Initially, the Court notes that the plaintiff has sued defendants James Johnson, Jowell Decuir, Jeffrey Melchior and Donald Fields in both their individual and their official capacities. Section 1983, however, does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State nor its officials acting in their official capacities are "persons" under section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the

plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, the plaintiff first complains that the defendants placed him in his RCS cell with a co-inmate, whereas the RCS policy provides that inmates are to be placed alone in their RCS cell. This claim, however, is one of a mere violation of prison rules which is not actionable under § 1983. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). Accordingly, the defendants are entitled to dismissal of this claim against them.

Next, the plaintiff complains of the conditions to which he was subjected in RCS. The Court finds, however, that the plaintiff has failed to state a claim of constitutional dimension in connection with this claim. In this regard, it is well-settled that the Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in Estelle. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Whereas some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, this can occur only when the combined conditions have a mutually enforcing effect which produce the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. Id.

The plaintiff has failed to alleged that he was deprived of a single identifiable human need as a result of his limited exposure to the conditions of confinement described herein. All that he has alleged is

that for a period of seven (7) days commencing on December 8, 2006, he was placed in an RCS cell from which all of his personal property had been removed, and he was not permitted outdoor exercise, telephone, visitation, canteen privileges or a mattress. He further complains that he was denied a breakfast meal on one occasion during this period. In the Court's view, these deprivations fail to rise to the level of a constitutional violation. Further, the plaintiff has failed to allege that he suffered any physical injury as a result of these deprivations, and the law is clear that "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Accordingly, the defendants' motion to dismiss should be granted with respect to this claim.

Turning finally to the plaintiff's claim of excessive force, the law is clear under the United States Constitution that force is excessive and violates the Eighth Amendment when it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a corrections official, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury, greater than de minimis, resulting from

the use of such force.  Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993).

With regard to the plaintiff's claim of excessive force, the Court finds that the defendants' motions are entirely lacking in any basis for the grant of dismissal in their favor.  In the context of a motion to dismiss pursuant to Rule 12(b)(6), it is well-settled that the motion is to be addressed and decided on the basis of the pleadings alone, and matters outside of the pleadings, including evidence in the form of documentation and affidavits, are not to be considered.  In addition, the Court is to accept the plaintiff's well-pleaded facts as true.

In the instant case, the plaintiff has clearly alleged that he was subjected to excessive force, without provocation, in the form of two cans of irritant spray and numerous "pepper ball" projectiles by the defendants which caused him injury.  These allegations are clearly sufficient to state a claim of the violation of the plaintiff's Eighth Amendment constitutional rights and to defeat the defendants' assertion of qualified immunity.  In other words, no reasonable security officer could have concluded that taking such action against an unarmed inmate without provocation was justifiable conduct.  Whereas the defendants assert in their motions that their actions were justified by the plaintiff's failure to obey orders and by his repeated refusal to come to the bars of his cell to be restrained, these factual assertions are disputed by the plaintiff and are not appropriate for resolution in this pleading-based motion.  It is the plaintiff's factual allegations made in his pleadings, not the defendants', which are entitled to credence in

connection with a motion to dismiss brought pursuant to Rule 12(b)(6).[2]

Finally, the Court notes one argument made by counsel for the defendants which is patently disingenuous, appears to be intended to mislead the Court, and borders on sanctionable conduct.  In this regard, counsel argues that the plaintiff's claim of excessive force is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In Heck, the United States Supreme Court held that, in order for an inmate to recover monetary damages under § 1983 for a constitutional violation related to his alleged unconstitutional conviction or confinement, the inmate must first show that the conviction or confinement has been overturned by a competent tribunal.  Absent such showing, the plaintiff inmate has no cause of action under § 1983 for the constitutional violation.  This principle has also been extended to apply to prison disciplinary sentences where the disciplinary sentence imposed upon an inmate has an impact upon the inmate's length of confinement, as for example, through a deprivation of good-time credits.  See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

---

[2] Apparently recognizing that their motions addressed to the excessive force issue are deficient, the defendants urge to Court to look outside the allegations of the Complaint and to consider information contained in the record of the plaintiff's administrative remedy proceedings.  The defendants contend that the administrative record is a public record and that the Court may therefore take judicial notice of same.  The defendants' unsupported assertion in this regard, however, is not persuasive.  The defendants have not cited this Court to any federal or state law which classifies prison administrative records - and the self-serving and inherently unreliable statements of prison officials contained therein - as public records.  Nor do any of the cases relied upon by the defendants involve Louisiana prison administrative grievance procedures.  In any event, this Court has previously rejected this argument in numerous other cases, and counsel for the defendants has not presented any new or cogent argument to support a different result.

In the instant case, the defendants' counsel represents to the Court - in an explicit effort to have the Court hold that the plaintiff's claims of excessive force are <u>Heck</u>-barred - that the plaintiff was sentenced to the loss of ten (10) days of good-time credit as a result of prison disciplinary proceedings, the defendants conspicuously fail to point out that such disciplinary proceedings were held in connection with events occurring <u>the day before</u> the incident of excessive force complained of herein. Accordingly these disciplinary proceedings can have no bearing on the plaintiff's claim of excessive force, and the defendants' attempt to have the Court conclude otherwise is disingenuous at best.

<u>RECOMMENDATION</u>

It is recommended that the defendants' motions to dismiss, rec.doc.nos. 24, 43 and 53, be granted in part, dismissing the plaintiff's claims against defendants Richard Stalder, Cornel Hubert and Lawrence Hall, dismissing the plaintiff's claims against the remaining defendants, James Johnson, Jowell Decuir and Jeffrey Melchior, in their official capacities, and dismissing the plaintiff's claims against these remaining defendants in their individual capacities except for the plaintiff's claim of excessive force asserted against these defendants. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, October 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**