UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON R. CHAMBERS (#440828)**                                     **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                           **NO. 07-0848-RET-CN**

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 10, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON R. CHAMBERS (#440828)                           CIVIL ACTION

VERSUS

RICHARD STALDER, ET AL.                                 NO. 07-0848-RET-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 76.  This motion is opposed.

The pro se plaintiff, an inmate previously confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Richard Stalder, Cornel Hubert, Lawrence Hall, James Johnson, Jowell Decuir (identified in the original Complaint as "E. Decuir"), Jeffrey Melchior and Donald Fields, alleging that the defendants violated his constitutional rights in December, 2006, by subjecting him to excessive force and to unconstitutional conditions of confinement.  Pursuant to earlier Report and Recommendation, approved by the District Judge on November 10, 2008, rec.doc.nos. 56 and 63, the plaintiff's claims against defendants Richard Stalder, Cornel Hubert and Lawrence Hall have been dismissed, as have the plaintiff's claims against defendants James Johnson, Jowell Decuir and Jeffrey Melchior except the plaintiff's claim of excessive force asserted against these defendants in their individual capacities.[1]

The remaining defendants now move for summary judgment relying upon

---

1. Defendant Donald Fields has never been served in this proceeding. Specifically, attempts to serve this defendant at the Louisiana Department of Public Safety and Corrections have proven unsuccessful because he is no longer employed by the Department.  Further, attempts to locate and serve the defendant at an alternate address have similarly failed.  Accordingly, it is appropriate that defendant Donald Fields be dismissed from this proceeding for failure of the plaintiff to serve the defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.

the pleadings, a Statement of Undisputed Facts, excerpts from the plaintiff's medical records, three (3) Warden's Unusual Occurrence Reports (prepared by Capt. Terry Albright and defendants James Johnson and Jowell Decuir relative to the incident of December 9, 2006), a disciplinary report dated December 8, 2006 (charging the plaintiff with an Aggravated Sex Offense), four (4) disciplinary reports dated December 9, 2006 (charging the plaintiff with Aggravated Disobedience and Theft), a memorandum dated August 23, 2007, prepared by defendant James Johnson, EHCC Institutional Policy Nos. 300-A1 and 300-A28 (relative to "Use of Force" and "Use of Chemical Agents and Electronic Shield/Cell Entries"), Restrictive Cell List Reports for December, 2006, Employee training records relative to defendants Jeffrey Melchior, James Johnson and Jowell Decuir, and the affidavits of Darryl Campbell, Dr. Preety Singh and defendants Jowell Decuir, Jeffrey Melchior and James Johnson.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

As pertinent to the remaining claim and defendants before this Court, the plaintiff alleges in his Complaint that on December 8, 2006, he was placed on "Restrictive Cell Status" (hereinafter referred to as "RCS"), a classification which required him to be placed in his cell with only a paper gown and with no mattress, bed linens or personal belongings. He asserts that, instead of being placed in his cell alone, as required by prison rules, he was placed in the cell with a co-inmate who was not on RCS. The next day, December 9, 2006, defendant Donald Fields made rounds on the cell tier and, when he passed the plaintiff's cell, provided a blanket to the co-inmate but, since blankets were forbidden

to inmates on RCS, did not provide a blanket to the plaintiff.  Shortly thereafter, defendant Decuir also made rounds and observed the plaintiff using the referenced blanket.  According to the plaintiff, defendants Johnson and Decuir then removed the co-inmate from the cell and subjected the plaintiff to excessive force in the form of two cans of mace sprayed into the cell.  Approximately thirty (30) minutes later, defendants Johnson and Decuir returned, this time accompanied by defendants Melchior and Fields, and allegedly utilized a riot shotgun to shoot the plaintiff twenty-nine (29) times with the "less than lethal pepperball system", causing the plaintiff injury and pain.

In response to the plaintiff's allegations, the moving defendants contend that on the referenced date, the plaintiff was on Restrictive Cell Status but was observed in his cell wearing a tee-shirt, boxer shorts and socks, and with a blanket wrapped around him in violation of prison rules for inmates on RCS.  As a result, defendant Decuir and Johnson ordered the plaintiff to relinquish these items but the plaintiff refused.  Upon the plaintiff's continued refusal to obey repeated commands, defendant Decuir and Johnson utilized a brief burst of irritant spray into the plaintiff's cell, but the plaintiff continued to refuse all commands to relinquish the offending items.  As a result, defendant Johnson obtained the approval of a supervising officer to utilize the "pepper ball launcher", whereupon defendants Johnson and Decuir "launched several rounds of pepper balls into plaintiff's cell ... hit[ting] plaintiff's legs and feet."  According to the defendants, the plaintiff then complied with the defendants' commands, allowed himself to be restrained, and was escorted to the prison infirmary.  According to the defendants, the force which was utilized against the plaintiff was reasonable and necessary to obtain compliance with the defendants' orders

and was not motivated by any desire to cause the plaintiff pain or injury. The defendants further assert that the plaintiff's medical records reflect that he received medical attention only on the date of the incident and did not make further complaints of injury resulting from the events of December 9, 2006.

In the instant motion, the defendants assert that they are entitled to qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the court looks to determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.[2]

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

Undertaking the Saucier analysis, the Court concludes that the defendants' motion must fail and that the plaintiff's allegations, supported by his own affidavit and by the affidavits of three (3) co-inmates, overcome the assertion of qualified immunity.

Pursuant to well-settled legal principles, force is excessive and violates the Eighth Amendment if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). See also Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993) (An inmate-plaintiff must show some injury to prevail on a claim of excessive force). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury, greater than de minimis, resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993).

Applying this standard, the Court concludes that the plaintiff's allegations of force utilized against him are sufficient to state a claim of a constitutional violation. Specifically, the Court finds that the plaintiff has met the first prong of the Saucier two-part test by

asserting a violation of his constitutional right to be free from the use of excessive force.  In this regard, he has asserted in his sworn statement that, notwithstanding that he immediately relinquished his blanket and clothing on December 9, 2006, upon the request of the defendants, and notwithstanding that he offered no provocation whatsoever thereafter, the defendants nonetheless utilized irritant spray and the pepper ball launcher against him in an attempt to cause him harm.  The plaintiff further contends that he suffered four lesions to his lower legs as a result of the defendants' actions, which lesions required medical attention and which lesions resulted in scarring which is still visible today.  Further, applying the second part of the Saucier analysis, and accepting the plaintiff's sworn assertions as true, no reasonable corrections official could have believed that the conduct asserted by the plaintiff was lawful.  While the defendants contend that only a reasonable amount of force was utilized against the plaintiff on the referenced date, in the form of a brief application of irritant spray and the pepper ball launcher when he continued to defy commands, the plaintiff's assertions are in direct conflict with this contention, and it is not the province of this Court to resolve issues of credibility on a motion for summary judgment.  Accordingly, it appears that there are disputed issues of fact in connection with the plaintiff's claim, and that the defendants' motion for summary judgment should therefore be denied with respect thereto.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendant Donald Fields be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules

of Civil Procedure.  It is further recommended that the Motion for Summary Judgment of the remaining defendants, rec.doc.no. 76, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, July 10, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**