UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON R. CHAMBERS (#440828)   CIVIL ACTION

VERSUS

RICHARD STALDER, ET AL.   NO. 07-848-JJB

ORDER

This matter comes before the court on a motion by defendants for recusal of the undersigned judge. Doc. 113.

In determining whether recusal is appropriate, 28 U.S.C. § 455 is the applicable statute, and the standard is an objective one. In other words, the plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's partiality. Patterson v. Mobil Oil Corp., 335 F.3d 476 (5th Cir. 2003), cert. denied, 540 U.S. 1108, 124 S.Ct. 1071, 157 L.Ed.2d 895 (2004). This showing must be based on specific facts so as to avoid providing a party with a "random veto over the assignment of judges." Capizzo v. State, 1999 WL 539439 (E.D. La., July 22, 1999). Further, a § 455 motion should not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Cooley, 1 F.3d 985 (10th Cir. 1993).

In this case, defendants seek recusal because "Jeananne R. Self [counsel for plaintiff], is Judge J. Brady's former law clerk." This contention is misplaced for several reasons. First Ms. Self was an intern in my chambers, not a law clerk. She worked in my chambers for a period of approximately two months some six years ago. This action arises from a constitutional violation that allegedly happened a year after Ms. Self's internship concluded.

The defendants have failed to demonstrate any personal or extrajudicial bias on the part of the undersigned, whereby a reasonable and objective person might question the undersigned's impartiality.

Accordingly, the motion for recusal (doc. 113) is hereby DENIED.

Baton Rouge, Louisiana, September 7, 2011.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA